## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELINE L. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0885-CVE-PJC |
| ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY, a Delaware corporation,** ) | |
| **and METRIS COMPANIES, INC., a** ) | |
| **Minnesota corporation,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Now before the Court is Plaintiff's Application to Amend Complaint (Dkt. # 21),[1] seeking leave to amend her original complaint to add a claim for wrongful termination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant Metris Companies, Inc. objects to this amendment claiming that the addition would be futile, since plaintiff failed to file her complaint under the ADA within the required statutory time frame.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) A judge may, however, deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[1] Although plaintiff's motion states that the motion to amend is unopposed, defendant Metris Companies, Inc. filed an objection to the application to amend (Dkt. # 22), stating that while it did not object to plaintiff's motion to amend the scheduling order, it does object to amendment of plaintiff's complaint.

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted). Defendant contends that plaintiff's addition of a claim under the ADA would be futile since such a claim is time-barred by statute.

A prerequisite to the filing of a complaint under the ADA is the filing of a timely charge of discrimination with the appropriate governmental agency. 42 U.S.C. § 2000e-5(e)(1). In so-called "deferral states", like Oklahoma, where a state agency has authority to investigate employment discrimination, the statute requires claimants to file a charge of discrimination within 300 days of the alleged unlawful employment discrimination. See, e.g., id.; Davidson v. America Online, Inc., 337 F.3d 1179, 1183 n.1 (10th Cir. 2003).

Plaintiff alleges she was unlawfully terminated on the basis of her disability on April 30, 2004. She filed her claim under the ADA with the Oklahoma Human Rights Commission ("OHRC") on March 29, 2005. Plaintiff's claim with the OHRC was filed thirty-two (32) days after the applicable statutory deadline.[2] The claim is, therefore, time-barred and addition of such a claim would be futile.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend her complaint (Dkt. # 21) is hereby **denied**.

**DATED** this 24th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The receipt of a right to sue letter from the OHRC has no bearing on the statute of limitations analysis.