**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KELINE L. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0885-CVE-PJC |
| ) | |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY, a Delaware corporation,** ) | |
| **a.nd METRIS COMPANIES, INC., a** ) | |
| **Minnesota corporation,** ) | |
| ) | |
| **Defendants.** ) | |

**AMENDED OPINION AND ORDER**

Now before the Court is Plaintiff's Application to Amend Complaint (Dkt. # 21), seeking leave to amend her original complaint to include a claim for wrongful termination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant Metris Companies, Inc. objects to this amendment claiming that the addition would be futile, since plaintiff failed to file her complaint under the ADA within the required statutory time frame. Plaintiff argues that her earliest contact with the EEOC on February 11, 2005 constituted a charge for the purposes of the statutory time limit and was filed within the applicable statute of limitations.[1]

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of the court and provides that "leave shall be freely given when justice so requires." See, e.g., Gillette v. Tansy, 17 F.3d 308, 312 (10th Cir. 1994). "The liberal granting of motions for leave to

---

[1] On August 24, 2005, this Court entered an Opinion and Order (Dkt. # 26) denying plaintiff's motion to amend. That decision was based upon defendant's representation that the Charge of Discrimination signed March 29, 2005 was the first of plaintiff's communications with the EEOC. The Court was not aware the plaintiff had filed a reply brief at the time the Opinion and Order was entered.

amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kansas Dept. of Social and Rehabilitation Servs., 181 F.3d 1180, 1186 (10th Cir. 1999) A judge may, however, deny a motion to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Moore v. Reynolds, 153 F.3d 1086, 1116 (10th Cir. 1998)(citations omitted). Defendant contends that plaintiff's addition of a claim under the ADA would be futile since such a claim is time-barred by statute.

A prerequisite to the filing of a complaint under the ADA is the filing of a timely charge of discrimination with the appropriate governmental agency. 42 U.S.C. § 2000e-5(e)(1). In so-called "deferral states", like Oklahoma, where a state agency has authority to investigate employment discrimination, the statute requires claimants to file a charge of discrimination within 300 days of the alleged unlawful employment discrimination. See, e.g., id.; Davidson v. America Online, Inc., 337 F.3d 1179, 1183 n.1 (10th Cir. 2003).

Plaintiff alleges she was unlawfully terminated by defendant on the basis of her disability on April 30, 2004. Although plaintiff signed and dated a formal EEOC Charge of Discrimination on March 29, 2005, more than 300 days after the discrimination alleged, she contacted the EEOC through her counsel on February 11, 2005, within the 300-day time frame. On February 11, plaintiff submitted four items: a letter from plaintiff's counsel stating that he would be representing plaintiff and requesting that the agency prepare a Charge of Discrimination form for execution by plaintiff; a Mail-In Information Sheet; a Discharge Questionnaire; a Reasonable Accommodation Affidavit; and an additional affidavit outlining the events leading up to plaintiff's termination. In assessing

the validity of plaintiff's claim under the ADA, this Court must determine whether these documents constitute a charge for the purposes of the relevant statutory period. If the questionnaire and affidavits are deemed a charge, then the plaintiff's claim is not time-barred, since she filed those documents within the 300-day time period. If, however, the documents do not amount to a formal charge, then plaintiff has no valid claim, since she did not file her Charge of Discrimination until March 29, 2005, more than 300 days after the alleged discriminatory incident.

In Ingram v. Pre-Paid Legal Services, Inc., 4 F. Supp. 2d 1303 (E.D. Okla. 1998), the district court outlined a series of factors to be considered in determining whether an intake questionnaire constitutes a charge, including (1) what the claimant and the EEOC personnel said to each other; (2) what the questionnaire form said; (3) and what the EEOC actually did in response to receipt of the discharge questionnaire. Id. at 1308; (citing Diez v. Minnesota Mining & Mfg. Co., 88 F.3d 672, 676 (8th Cir. 1996)). Other courts have developed comparable, non-exhaustive lists. See, e.g., Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1138 (7th Cir. 1994) ("In assessing whether plaintiff manifested such intent [to file a charge] the district court may consider inter alia, whether the questionnaire is precise enough to identify the parties and generally describe the complained-of practices and whether the information in the questionnaire was subsequently used to complete the formal charge."). The determination of whether an EEOC questionnaire constitutes a charge for statute of limitations purposes is highly fact-intensive, and courts have reached differing conclusions. Compare Ingram, 4 F. Supp. 2d at 1309 (holding that intake questionnaire constituted a formal charge for statute of limitations purposes when EEOC treated plaintiff's questionnaire and affidavit as a charge) with Diez, 88 F.3d at 677 (affirming district court's grant of summary

judgment when plaintiff provided no evidence that state agency led plaintiff to believe he had done all that was necessary to file a charge when all plaintiff did was turn in an intake questionnaire).

The correspondence between plaintiff and the EEOC in the present case demonstrates plaintiff's intent to initiate a claim under the ADA with the filing of her Discharge Questionnaire and accompanying affidavits on February 11. Plaintiff's Discharge Questionnaire, signed and sworn by plaintiff, states that she intends to file a claim pursuant to the ADA and outlines in detail the substance and terms of her employment, her employment performance, and the circumstances surrounding her discharge. The appended affidavits, one of which was notarized, outline in detail the nature of plaintiff's disability and recount her medical history. Without question, plaintiff provided the EEOC with an abundance of information regarding the factual bases for her claim and made clear her intent to proceed with an ADA claim against her former employer. See Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1138 (7th Cir. 1994) ("In order to constitute a charge, notice to the EEOC must be of a kind that would convince a reasonable person that the plaintiff manifested an intent to activate the Act's machinery.").

The EEOC's response to plaintiff's February 11 correspondence confirms that the agency understood plaintiff's submissions to constitute a charge of age discrimination. Although the agency's Mail-In Information Sheet contains a notation indicating the form is not a charge of discrimination, a March 8, 2005 letter to plaintiff from Charles E. Morton, an investigator for the EEOC, states, "This is to acknowledge your charge of employment discrimination against the above named Respondent, which was taken from your correspondence to this agency." Reply Supporting Plaintiff's Application to Amend Complaint (hereinafter "Plaintiff's Reply") (Dkt. # 24), Ex. F. The letter directs plaintiff to sign and date an appended Charge of Discrimination form, which appears

4

to have been prepared by the agency and includes both the charge number assigned to the plaintiff's complaint and details the particulars of plaintiff's claim of age discrimination.

It is clear that plaintiff understood her submission to the EEOC to constitute a charge of discrimination and that the EEOC subsequently treated the filing of her Discharge Questionnaire as a formal charge against her former employer. Both parties make reference to plaintiff's Discharge Questionnaire and accompanying documentation as "a charge." Moreover, upon receiving the Discharge Questionnaire, the EEOC not only prepared a Charge of Discrimination form for plaintiff's signature, but also assigned plaintiff's claim a charge number, an action taken, presumably, for existing, not anticipated, claims. In light of the foregoing, the Court holds that plaintiff's Discharge Questionnaire and accompanying documents constitute a charge for the purposes of the statute of limitations.

Unlike plaintiff's formal Charge of Discrimination, filed on March 29, plaintiff's Discharge Questionnaire, which the Court determines constitutes a charge, was filed within the 300-day statute of limitations imposed upon ADA claims. The claim is, therefore, not time-barred by statute. Without information about the facts underlying plaintiff's claim, it would be premature to determine at this stage that the claim is futile. Plaintiff's motion to amend (Dkt. # 21) is, therefore, hereby **granted**. Plaintiff shall file her amended complaint no later than **September 6, 2005.**

**DATED** this 30th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT